Luis Enrique-Garcia
PID 432944
P.O. Box 31429
Charlotte, NC 28284-4429

FILED
STATESVILLE, N.C.
JAN 9 2014
U.S. District Court
Western District of N.C.

January 6, 2014          5:12CR54-1-V

The Honorable Richard Voorhes
U.S. District Court Judge
200 West Broad Street
Statesville, NC 28677

Your Honor,

    I am writing the Honorable Court today with the assistance of a friend who speaks English and is familiar with some of the issues I have shared with him about my matter. I do not recall everything that I conveyed to the Court in my last letters, however, I wanted to reiterate the issues which I feel are applicable to my case and which might assist any new counsel that the Court assigns pursuant to my previous requests.
    The procedural history of my matter is approximately as follows:

  1. I was arrested on or about December 6, 2012.
  2. Between the time of my arraignment and the date of my Rule 11 hearing, my attorney visited me three times in order to persuade me to plead guilty and in furtherance of the government's request for my cooperation.
  3. In or around February of 2013, I entered a a guilty plea in a Rule 11 hearing.
  4. Between the time of my Rule 11 hearing and my PSI meeting with the U.S. Probation Officer, my attorney visited me twice, without an interpreter,

(1)

to tell me that everything was going well with my case and to ask if I was alright. However, nothing of substance was discussed, nor could it have been since no interpreter was present.

5. In or around August of 2013, I was visited by the U.S. Probation Officer and an interpreter for the Presentence Interview, however, I was unaware of the scheduled interview and my attorney was not present for same.

6. In or around October of 2013, my attorney and an interpreter visited me and told me that the U.S. Probation Officer had discovered I was guilty of and now charged with two additional charges, one of which I believe to be a violation of 18 U.S.C. § 924(c).

7. On or around December 2, 2013, and without aforeknowledge, I was brought before the Court and sentenced to 188 months of imprisonment.

8. On or about December 3rd and 9th of 2013, I mailed two communications to the Court regarding what I believe to have been some of the shortcomings of defense counsel's representation.

I am writing the Court today because I am fearful of what my outcome will be. In participating in a 28-day Drug Abuse Program at the Mecklenburg County Jail, I am learning about how such fears affect my life. And, while I was always willing to accept responsibility for my criminal conduct, the fear that I manifested as a result of the tactics my attorney used to persuade me to plead guilty has had a devastating impact on my life. Only now, do I see that my attorney did not truly yes in all of the

questions in my Rule 11 hearing and emphasized that I had to convince the judge that my guilty plea was completely voluntary and that I was not coerced or under duress to do so. He told me to make sure the judge believed me. Otherwise, I would receive a twenty- to thirty-year sentence and by convincing the judge of my guilt I would face a minimum and maximum sentence of ten years, but not to worry because he would get me the lowest possible sentence as long as I pled guilty.

I don't know where I will be transferred to from the Mecklenburg County Jail nor when, however, I wanted to inform the court of some of the issues I believe apply to my challenge to my sentence. Based on discussions with others about my specific circumstances, I believe the following would form the basis of my challenge: failure to investigate and go over the discovery, failure to prepare for sentencing, failure to interview prosecution witnesses, failure to investigate count(s) to which plea was made, failure to provide the defendant with plea offer, lying to the defendant, rushing into plea without investigation, improper pressure on defendant to plead guilty, failure to fully explore plea possibilities, failure to seek a judicial recommendation against deportation at sentencing, failure to accurately calculate guidelines when advising defendant as to plea offer, failure to explain the benefits and risks of the plea offer, failure to request a continuance, failure to aid at sentencing, failure to be present at Presentence interview, failure to consult with defendant on Presentence Report and attorney was a doormat for the prosecutor's office.

As stated previously, I am very fearful of my outcome and I would like to see my new counsel before I am transferred to federal prison. This is not a comfortable situation to be in.

I thank the Court for its consideration for and assistance with my letter.

Respectfully submitted,

(3)

LUIS ENRIQUE GARCIA.
PID # 43294
P.O. BOX 34429
CHARLOTTE N.C.
28234 4429

Mailed From Mecklenburg
County Jail Central

CHARLOTTE NC 282
07 JAN 2014 PM 4 L

THE HONORABLE RICHARD VOORHES.
U.S. DISTRICT COURT JUDGE
200 WEST BROAD STREET
STATESVILLE N.C. 28677