UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

UNITED STATES OF AMERICA ) DOCKET NO. 5:12-CR-54

vs.

LUIS ENRIQUE GARCIA,

Defendant.

TRANSCRIPT OF PLEA AND RULE 11 HEARING
BEFORE THE HONORABLE DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE
FEBRUARY 4, 2013

APPEARANCES:

On Behalf of the Government:

KIMLANI M. FORD, ESQ.
United States Attorney's Office
227 West Trade Street, Suite 1700
Charlotte, North Carolina

On Behalf of the Defendant:

CHARLES L. MORGAN, JR., ESQ.
101 North McDowell Street, Suite 200
Charlotte, North Carolina

Proceedings digitally recorded and transcribed by:

Cheryl A. Nuccio, RMR-CRR
Official Court Reporter
United States District Court
Charlotte, North Carolina

P R O C E E D I N G S

(Transcript of proceedings digitally recorded on February 4, 2013.)

(Interpreter was sworn.)

THE COURT: Okay. The next matter on this morning's docket is Luis Enrique Garcia. The number on this is 5:12-cr-54.

We appreciate Ms. Gonzalez being here to interpret as needed.

Mr. Morgan, do you represent him?

MR. MORGAN: I do, Your Honor.

THE COURT: Okay. Who is here for the government on this one?

MS. FORD: I am, Your Honor.

THE COURT: Ms. Ford, thank you.

Okay. The case is on for plea and Rule 11. The file reflects that there is a plea agreement in the case. The plea agreement calls for a plea of guilty by Mr. Garcia to count one in the bill.

Mr. Morgan, is he prepared to go ahead with that now?

MR. MORGAN: He is.

THE COURT: Okay. Mr. Garcia, in order for me to accept your plea, I need to ask you some questions. But before we get going, we need to have you sworn in. So if you

would, please stand, put your left hand on the Bible, raise your right and face the clerk, please.

(Defendant was sworn.)

THE COURT: All right. Thank you. Have a seat there. Make yourself comfortable.

Mr. Garcia, as we go through the questions now, please keep your voice up so I can hear you. If you have any concerns as we go, feel free to talk to Mr. Morgan at any time. Do you understand?

THE DEFENDANT (Interpreter): Yes.

THE COURT: All right. Here we go.

Do you understand that you're under oath and required to give truthful answers to these questions?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you understand that if you give false information under oath, you may be prosecuted for perjury or false statement?

THE DEFENDANT (Interpreter): Yes.

THE COURT: After consulting with your lawyer, do you want this court to accept your guilty plea to count one in the bill of indictment?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you understand you have the right to have a U.S. district judge conduct this proceeding?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Recognizing that right, do you expressly consent to proceed before me, a United States magistrate judge?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Are you now under the influence of alcohol, medicines or drugs of any kind?

THE DEFENDANT (Interpreter): No.

THE COURT: Is your mind clear today and do you understand you're here to enter a guilty plea that cannot later be withdrawn?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Have you received a copy of the bill of indictment in your case and have you discussed it with your lawyer?

THE DEFENDANT (Interpreter): Yes.

THE COURT: At this point what I'm going to do, Mr. Garcia, is to go over with you the charge that you're pleading to. As I mentioned earlier, the plea agreement in your case calls for a plea of guilty by you to count one in the bill. Count one alleges drug conspiracy. But in particular, it reads as follows:

From in or about 2008 to on or about December 7, 2012, in Watauga County, within the Western District of North Carolina, and elsewhere, you, along with your co-defendant, Javier Sanchez Chavez, did knowingly and intentionally

conspire and agree with each other and with others to distribute and to possess with intent to distribute controlled substances, namely, a mixture and substance containing a detectable amount of methamphetamine.

This is a violation of the drug conspiracy statute, Title 21, United States Code, Sections 846 and 841(b)(1)(A).

Now, according to your plea agreement, based upon the charge that's been brought and the amount of methamphetamine involved, the maximum penalty for you for this offense is not less than ten years nor more than life imprisonment, a $10 million fine, or both, and a period of supervised release.

Ms. Ford, is that correct?

MS. FORD: That is correct because he does not have a prior felony drug conviction.

THE COURT: Okay. Thank you.

So, Mr. Garcia, that is the charge that you're pleading guilty to today and the maximum penalty that it carries. Have you talked to Mr. Morgan about these things?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you understand the charge you're pleading guilty to today, including the maximum penalty that could apply to you?

THE DEFENDANT (Interpreter): Yes.

THE COURT: All right. So, Mr. Garcia, do you

understand that if you're not a citizen of the United States, your guilty plea could have adverse immigration consequences for you?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you understand that if you're not a citizen, your guilty plea could result in deportation from the country?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Have you talked to your lawyer about how the U.S. Sentencing Guidelines might apply to your case?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you understand the district judge will not be able to determine your sentence until after a presentence report has been prepared and you've had a chance to comment on that?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you also understand that in some circumstances you may receive a sentence that is different, that is, either higher or lower than that called for by the guidelines?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you understand the court may order restitution or the payment of money by you if that's appropriate in your case?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you understand that if the sentence is more severe than you would expect or the court does not accept the government's recommendation, you will still be bound by your plea and have no right to withdraw it?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you understand that parole has been abolished and if you are sentenced to a term of imprisonment, you will not be released early on parole?

THE DEFENDANT (Interpreter): Yes.

THE COURT: If your sentence includes imprisonment, do you understand the district judge may also order a term of what is called supervised release?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you also understand that if you violate the terms of supervised release, you could go back to prison for an additional period of time?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Now, do you understand you have the right to plead not guilty, to have a speedy trial before a judge and jury, to summons witnesses to testify in your behalf, and to confront witnesses against you?

THE DEFENDANT (Interpreter): Yes.

THE COURT: If you exercised your right to trial, you'd be entitled to the assistance of a lawyer. You would not be required to testify. You'd be presumed innocent and

the burden would be on the government to prove your guilt beyond a reasonable doubt. Do you understand all these things?

THE DEFENDANT (Interpreter): Yes.

THE COURT: What all that amounts to, Mr. Garcia, is that you do have the right to plead not guilty and have a trial if you want to. Do you understand that?

THE DEFENDANT (Interpreter): Yes.

THE COURT: By entering this plea of guilty, you're waiving that right. There is not going to be a trial. There will be one more hearing where the district judge will determine, first, whether there is a factual basis for your plea and, second, what sentence to impose in your case. Do you understand all of that?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Now, we've been over the charge contained in count one in the bill of indictment. Put simply, the charge here is drug conspiracy involving methamphetamine. Have you talked to your lawyer about that charge?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you understand it?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Are you guilty of that crime?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Okay. Now, there is a plea agreement in

the case. Ms. Ford, do you want to tell us about that.

MS. FORD: Yes, sir.

In a plea agreement between the United States of America and Luis Enrique Garcia, defendant agrees to enter a voluntary plea of guilty to count one as set forth in the bill of indictment and admits to being, in fact, guilty as charged in count one.

If the court finds the defendant's plea to be voluntary and knowingly made and accepts the plea, then the United States will move at the appropriate time to dismiss any remaining count as to this defendant in the bill of indictment.

He understands that each and every provision set forth in the plea agreement is a material term of the plea agreement.

Your Honor has already gone over the statutory minimum/maximum sentences.

With regard to the sentencing guidelines, the parties agree that they will jointly recommend the following:

That the amount of mixture and substance containing a detectable amount of methamphetamine that was known to or reasonably foreseeable by the defendant was more than 1,500 grams but less than 5,000 grams, resulting in a base offense level of 34.

That he should receive a role enhancement pursuant

to Section 3B1.1. However, the parties reserve their right to advocate whether the increase should be two, three or four levels.

The government agrees that the defendant's entry of plea is timely unless otherwise set forth herein.

The parties agree that they will make the above recommendations as to the adjusted offense level and will recommend no other enhancements, reductions, departures or variances to the court.

With regard to the (inaudible), the defendant stipulates that there is a factual basis for the plea of guilty.

With regard to waivers, the defendant is aware that in exchange for the concessions made by the United States in the plea agreement, he waives all such rights to contest the conviction except for claims of ineffective assistance of counsel or prosecutorial misconduct.

There is a section on assistance to the United States in the plea agreement.

And there are no agreements, recommendations or understandings between the parties in this case other than those explicitly set forth in the plea agreement or as noticed to the court during the plea colloquy and contained in writing in a separate document signed by all the parties.

The plea agreement is signed by Mr. Kaufman, by

Mr. Morgan, and by the defendant himself.

THE COURT: Thank you very much.

Mr. Morgan, would you like to add anything to that summary?

MR. MORGAN: Your Honor, when we conclude this proceeding, Mr. Garcia is going to sign a consent order for Your Honor's consideration in light of the fact that his plea agreement requires him to consent to the forfeiture of the cash seized. I believe that's listed in the indictment. Other than that, nothing to add.

THE COURT: All right. Thank very much. We'll take up that item at the end.

Mr. Garcia, let me come back to you, then, for a few more questions. What you've heard Ms. Ford provide, of course, is a summary of the highlights of your agreement. Each and every provision of that document is important whether she mentioned it or not.

Have you been over your plea agreement carefully with your lawyer?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you understand that those are the terms of your plea agreement with the government and do you agree to those terms?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Now, you are waiving some rights you

have to appeal so I'm going to ask you a couple of questions about that.

First of all, do you understand that the right to appeal your conviction and/or your sentence has been expressly waived in your plea agreement?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you further understand that the right to challenge your conviction and/or your sentence in what's called a post-conviction proceeding has also been expressly waived in your plea agreement?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Is that your signature that appears on the plea agreement?

MR. MORGAN: Just one moment, please.

I'm sorry, Judge, I had the first one before it was amended.

THE DEFENDANT (Interpreter): Yes.

THE COURT: Thank you very much.

Now, Mr. Garcia, has anybody threatened, intimidated or forced you to enter your guilty plea today?

THE DEFENDANT (Interpreter): No.

THE COURT: Other than the terms of your plea agreement, has anybody made you promises of leniency or a light sentence to get you to plead guilty?

THE DEFENDANT (Interpreter): No.

THE COURT: Have you had enough time to talk to your lawyer about any possible defenses you might have to these charges?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Are you satisfied with the services of your lawyer in this case?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Is there anything you'd like to say at this time about his services?

THE DEFENDANT (Interpreter): That's all. I really am guilty.

THE COURT: Okay. Have you heard and understood all parts of this proceeding and do you still wish to plead guilty?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Do you have any questions or statements you'd like to make at this time?

THE DEFENDANT (Interpreter): No.

THE COURT: Now, Mr. Garcia, what you're doing today, of course, is entering your guilty plea to count one in the bill of indictment. That's the drug conspiracy charge that we went over earlier during this proceeding. You're doing all that pursuant to the terms of a plea agreement which we've also reviewed here today. Have you talked to Mr. Morgan about all this?

THE DEFENDANT (Interpreter): Yes.

THE COURT: Is this what you want to do?

THE DEFENDANT (Interpreter): That's okay, yes.

THE COURT: And Mr. Morgan, as his counsel, finally, have you reviewed with your client all features of his case, but in particular, his plea agreement, and are you satisfied he understands these things and knows what he is doing?

MR. MORGAN: I have and I am.

THE COURT: All right. That completes the questions on the form. Let me take a quick look at this.

(Pause.)

THE COURT: Okay. Mr. Morgan, we'll send that out to you momentarily.

MR. MORGAN: Thank you, Your Honor.

(Pause.)

THE COURT: All right. The record will reflect that the electronic plea and Rule 11 form has been signed by the defendant, Mr. Garcia, and also by his counsel, Mr. Morgan. Therefore, based on the representations and answers given both by the defendant and his lawyer in this proceeding, the court does find that the defendant's plea of guilty is knowingly and voluntarily made; and that the defendant understands the charges, potential penalties, and consequences of his plea. Accordingly, the defendant's plea of guilty is hereby accepted. We'll make the plea and Rule 11 form a part of his

file.

All right. It sounds like we may have one more item that we need to take up.

Ms. Ford, is that correct?

MS. FORD: Yes, sir.

THE COURT: Let me take a look here.

(Pause.)

THE COURT: Okay. For the record, I do have in hand the proposed consent order and judgment of forfeiture. Of course, it speaks for itself, but it does appear to deal with some United States currency that may have been seized as part of the investigation into the case. This document is signed by Ms. Ford on behalf of her colleague, Mr. Kaufman, by the defendant, Mr. Garcia, and also by Mr. Morgan.

Mr. Morgan, any objection to my entering this?

MR. MORGAN: No, Your Honor. We'd ask you to.

THE COURT: All right. I will sign on behalf of the court. And we will make this a part of his file as well.

Anything else, Ms. Ford?

MS. FORD: No, sir.

THE COURT: Mr. Morgan?

MR. MORGAN: No, Your Honor. Thank you.

THE COURT: Okay. Good luck, Mr. Garcia. Thank you.

(End of proceedings.)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CERTIFICATE OF REPORTER

I, Cheryl A. Nuccio, Federal Official Realtime Court Reporter, in and for the United States District Court for the Western District of North Carolina, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the digitally-recorded proceedings, transcribed to the best of my ability, held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 26th day of January 2014.

s/Cheryl A. Nuccio

Cheryl A. Nuccio, RMR-CRR
Official Court Reporter